Freddie M. SINGLETON et al.,
Appellants,

v.

ANSON COUNTY BOARD OF EDUCA-
TION, a public body corporate,
Appellee.

No. 11740.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 19, 1967.

Decided Nov. 17, 1967.

J. LeVonne Chambers, Charlotte, N. C. (Conrad O. Pearson, Jr., Durham, N. C., J. H. Rennick, Salisbury, N. C., Jack Greenberg and James M. Nabrit, III, New York City, on motion), for appellants.

H. P. Taylor, Jr., Wadesboro, N. C. (Taylor, McLendon & Jones, Wadesboro, N. C., on answer), for appellee.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

## PER CURIAM:

In an exceedingly complex fact situation, including recent consolidation of three separate school administrative units into a single countywide system and inauguration of a new school board, piecemeal vindication of civil rights by way of preliminary injunction is inappropriate. "The purpose of a preliminary injunction ordinarily is to preserve the status quo until the rights can be fully determined by trial." 3 Barron & Holtzoff § 1433, at 490 (1958). Preliminary injunction is especially inappropriate after the school year is well under way. Granting individual plaintiffs what they seek would in late October be disruptive rather than beneficial even to the plaintiffs— without regard to the interests of others. In declining to order the immediate transfer of these 27 Negro plaintiffs to the school of their belated choice,[1] we think the district judge did not abuse his discretion. Quite properly he agreed to accelerate the cause on the docket for determination of the whole case on the merits. See, Carson v. Warlick, 238 F.2d 724, 727 (4th Cir. 1956). On remand he should, and undoubtedly will, require both sides to promptly submit a plan of desegregation to accord individual plaintiffs and their class their constitutional rights as soon as practicably possible.

1. Sometime during the spring or summer of 1967 these students chose to attend the new Bowman school. The Department of Health, Education and Welfare prevented implementation of the choice because it appeared that no white students had chosen Bowman and to permit the choice to stand would simply establish an all-Negro school. The Board thereupon established Bowman school as a fully integrated school—assigning *all* 11th and 12th grade students to it. None of plaintiffs are in those grades. The record is not clear as to when plaintiffs made known their second choice—but it is clear that the new consolidated School Board came into office on July 1 and this action was begun on July 3, 1967.

Fed.R.Civ.P. 65(a) (2) wisely permits the district court in an appropriate case to hear a motion for preliminary injunction and conduct a hearing on the merits at the same time. Civil rights cases are especially suitable for such simultaneous development. The district judge may sometimes advance the litigation and save court time by pursuing such a course on his own motion where, as here, the litigants have not moved him to do so.

The denial of plaintiff's motion for a preliminary injunction is

Affirmed.