Irwin F. GELLMAN, Appellant,

v.

STATE OF MARYLAND et al., Appellees.

No. 75–2007.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1976.

Decided June 30, 1976.

Barbara L. Gellman (Luther C. West, West, Frame & Barnstein, Baltimore, Md., on brief), for appellant.

Walter G. Lohr, Jr., Asst. Atty. Gen., Baltimore, Md. (Francis B. Burch, Atty. Gen., Baltimore, Md., on brief), for appellees.

Before BRYAN, Senior Circuit Judge, CRAVEN and RUSSELL, Circuit Judges.

DONALD RUSSELL, Circuit Judge.

Irwin F. Gellman, a white professor at Morgan State College, a predominantly black institution in Baltimore, Maryland, brought this action under 42 U.S.C. §§ 1981, 1982, 1983 and 1985, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. He alleged numerous acts of racial discrimination on the part of the College. A temporary restraining order was granted in favor of the plaintiff and a three-day hearing was thereafter held on his motion for a preliminary injunction. At the conclusion of the hearing and during final argument on the motion for a preliminary injunction, the District Court, over the objection of the plaintiff,[1] consolidated this hearing for a preliminary injunction with the trial on the merits under Rule 65(a)(2), Fed.R.Civ.P., considered defendants' "intimated" oral motion to dismiss under Rule 12(b)(6) as a Rule 56 summary judgment motion, and granted summary judgment in their favor. We affirm in part, reverse in part, and remand with directions.

■ We have held that "Fed.R.Civ.P. 65(a)(2) wisely permits the district court in an appropriate case to hear a motion for preliminary injunction and conduct a hearing on the merits at the same time."[2] But before consolidation of a trial on the merits with a hearing on a motion for a preliminary injunction is appropriate, "the parties should normally receive clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases. A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief, or to forego a prompt application for an injunction in order to prepare adequately for trial." *Pughsley v. 3750 Lake Shore Drive Cooperative Bldg.* (7th Cir. 1972) 463 F.2d 1055, 1057. What will constitute "clear and unambiguous notice" in this context, is illustrated by the facts in *Pughsley*, where it was found that the instruction of the trial judge to the plaintiff that he produce his "total case" was insufficient to meet the test of "clear and unambiguous notice." Again, in *Leinenbach v. Dairymen, Inc.* (Ind.App.1975) 333 N.E.2d 910, 912, the Court, applying what it conceived to be the "federal cases," found that the announcement by the trial court that, " '[T]his is an action to convert it into a permanent injunction or to dissolve the injunction,' " failed to give the notice required under the *Pughsley* rule or under basic principles of due process.[3] And the reasonable "opportu-

---

1. In objecting to the consolidation at this time, plaintiff's counsel said that she "had worked under the impression that this was just a preliminary injunction [hearing], and that [she] didn't have to present a complete trial at this time."

2. *Singleton v. Anson County Bd. of Education* (4th Cir. 1967) 387 F.2d 349, 351.

3. The ruling of the Court is stated thus:
    "Under the foregoing facts we are of the opinion that the 'clear and unambiguous' notice contemplated by *Pughsley, supra*, is lacking in this case. In order to negate any lack of due process which we feel may be existent under the facts of this case the parties should have an opportunity to present additional evidence to the trial court, should they deem it necessary,

nity" to present his case, which must be given a party before Rule 65(a)(2) may be invoked, is not satisfied, it would seem, by notice given, as here, after the evidentiary hearing had been concluded. *Puerto Rican Farm Workers v. Eatmon* (5th Cir. 1970) 427 F.2d 210, 211; *T.M.T. Trailer Ferry v. Union De Tronquistas, P. R. Loc. 901* (1st Cir. 1971) 453 F.2d 1171, 1172. In the latter case, the Court said:

> "While it is true, as defendant contends, that a court has the power under Fed.R.Civ.P. 65(a)(2) to determine both the merits of the complaint and a request for temporary relief at a single hearing, the exercise of that power is tempered by the requirement that the court inform the parties 'before or after the commencement of the hearing' that such action is contemplated. · The district court in the case at bar at no time prior to completion of plaintiff's case put plaintiff on notice that the scope of the scheduled hearing would include a decision on the merits of the complaint. * * *
>
> \* \* \* \* \* \*
>
> " * * * Although there is no indication that plaintiff would have produced further testimony if notified earlier that the entire case would be disposed of after a single hearing, this does not sanction the court in changing, *sub silentio*, the nature of the game at halftime."

A leading text has offered this suggestion on the proper procedure under Rule 65(a)(2):

> "Doubt as to the propriety of consolidation will be minimized if the trial court gives the parties advance notice of the proposed action or, if consolidation is ordered at the hearing, the parties are permitted to request additional time to assemble their entire presentation on the merits." 11 Wright & Miller, *Federal Practice and Procedure*, § 2950, p. 488 (1973).

And this suggestion seems particularly appropriate where, as here, the trial court

recognizing, of course, that evidence from the prior hearing may be utilized * * *." 333

purports to convert a motion under Rule 12 into one under Rule 56. *Dry Creek Lodge, Inc. v. United States* (10th Cir. 1975) 515 F.2d 926, 935–6; *Georgia Southern & F. Ry. Co. v. Atlantic Coast Line R. Co.* (5th Cir. 1967) 373 F.2d 493, 497–8, *cert. denied* 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967). In the latter case, the trial court, at a hearing on a motion for a preliminary injunction, had, without specific notice to the parties, treated the defendant's motion under Rule 12 as one under Rule 56 and, while denying a preliminary injunction, granted summary judgment under Rule 56. In reversing such judgment, the Court said:

> "The notice and hearing requirements of Rules 12(b) and 56(c) are far more than formalities. * * * ACL's argument that the hearing on preliminary injunction effectively presented all of the issues which GS&F could or would have presented at a hearing on summary judgment is inapposite, for loss of a motion for preliminary injunction means only temporary lethality. Final judgment is not then a possibility." pp. 497–8.

In the case under consideration here, the defendants had not filed a responsive pleading or even made, prior to the hearing, a motion to dismiss under Rule 12; there had been no opportunity for the plaintiff to engage in discovery; there was no formal notice, prior to the hearing, that the trial court intended to consolidate the motion for a preliminary injunction with a motion to dismiss on the merits. The defendants argue that at the conclusion of the testimony on the second day of the hearing, the trial court did, however, indicate clearly its intention to consolidate the pending motion with a decision on the merits under Rule 65(a)(2). The record will not support such argument. The trial court, in answer to an inquiry from counsel for the defendants, stated that on the morrow it would decide the preliminary injunction matter, adding cryptically that "if there are any other issues that can be resolved by that

N.E.2d at 912.

[time], they will also be resolved." The court concluded the colloquy with counsel by stating, "[D]on't anticipate and don't assume anything." By no stretch of the imagination, could that discussion measure up to "clear and unambiguous notice" that the trial court intended to act under Rule 65(a)(2). And, at the conclusion of the hearing, when the trial court first indicated it was considering action under Rule 65(a)(2), it had before it no motion to dismiss. It based its ruling on the merits on the fact, as stated in its findings of fact and conclusions of law that, "[T]he defendants *have indicated that they are filing, orally*, a motion to dismiss for failure to state a claim upon which relief can be granted under the provisions of Rule 12(b)(6) of the Rules of Civil Procedure." It gave the plaintiff no prior notice that it intended to treat such "indicated" motion to dismiss as a motion for summary judgment, but proceeded to grant judgment in favor of the defendants.

The defendants argue, as did the defendant in *Georgia Southern & F. Ry., supra*, that the plaintiff had presented at the hearing all the evidence that he could have adduced at a hearing on the merits.[4] They emphasize that the trial court inquired of the plaintiff what additional evidence he might produce and found that such evidence was either irrelevant or admitted by the defendants. They conceded, however, that they had not answered the plaintiff's interrogatories nor had the plaintiff had an opportunity to engage in any discovery. Moreover, counsel for the plaintiff protested vigorously that she had additional evidence that, on the merits, she could adduce. While it is inappropriate for us at this stage of the proceedings to indicate an appraisal of plaintiff's alleged additional evidence, we are by no means as certain as the trial court that all this alleged evidence was complete-

ly·irrelevant to plaintiff's cause of action. Moreover, the plaintiff should have some reasonable opportunity to develop additional evidence through discovery, a right denied him by the premature order terminating his action. To grant judgment on the merits under Rule 65(a)(2) without any notice of such intention until the conclusion of the evidentiary hearing on the motion for a preliminary injunction and to grant such judgment on an "intimated" motion to dismiss, treated without prior notice as a motion under Rule 56, all without requiring answers to interrogatories or permitting any discovery in a case which, on the pleadings at least, is not frivolous, comes perilously close to a violation of due process. In our opinion, the entry of judgment on the merits in favor of the defendants in this case was premature and improperly granted.

We realize how a harried trial judge, burdened by a heavily congested docket, will seek to expedite the disposition of cases on his overcrowded docket but, while "[T]he expeditious and efficient processing of litigation is laudable and should be encouraged," it must be remembered, as the Court in *Sooner State Dairies, Inc. v. Townley's Dairy Company* (10th Cir. 1969) 406 F.2d 1328, 1329, counseled, that:

" * * * the Federal Rules provide an adequate and orderly procedure for the summary dismissal of complaints which fail to state a claim on which relief can be granted, Rule 12; and for summary judgment 'if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law', Rule 56; or if the case goes so far, a directed verdict under Rule 50 or dismissal under Rule 41(b) may be

---

4. *Eli Lilly and Company v. Generix Drug Sales, Inc.* (5th Cir. 1972) 460 F.2d 1096, cited by the defendants in support of this contention, is, in our opinion, not pertinent. There the case had been pending for "over 13 months" and the parties had had ample time to engage in full discovery. Actually, the case seems to have

gone off on the fact that the objecting party had been guilty of dilatoriness in seeking discovery. This is indicated by the comment of the Court that, "[E]very litigant has a duty to his client and to the court to proceed with discovery with reasonable promptitude." 460 F.2d at 1105.

in order. Only by adherence to the spirit of these rules can we be sure of a full hearing—the essence of due process."

The judgment on the merits accordingly must be reversed and the cause remanded for further proceedings consistent with the foregoing. The denial of the motion for a preliminary injunction, however, is affirmed.

AFFIRMED IN PART; REVERSED IN PART and REMANDED WITH DIRECTIONS.

Judge ALBERT V. BRYAN would affirm, believing that the District Court substantially and practically complied with all requisite procedures and that appellant in fact suffered no injury.