Mary E. BOWLES and Edna K. Stone,
Plaintiffs–Appellants,

v.

Larry D. BENNETT, etc., et al.,
Defendants–Appellees.

No. 78–3524.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1980.

Alvin T. Prestwood, W. Michael Young, Montgomery, Ala., for plaintiffs–appellants.

W. Scears Barnes, Jr., Alexander City, Ala., Linda C. Breland, Montgomery, Ala., for defendants–appellees.

Before HILL and POLITZ, Circuit Judges, and O'KELLEY,* District Judge.

POLITZ, Circuit Judge:

Plaintiffs filed a complaint under 42 U.S.C. § 1983, invoking the jurisdiction of the court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343. They sought a temporary restraining order, preliminary and permanent injunctions involving their duty assignments with the Alabama Board of Corrections, damages, costs and attorney's fees. When the complaint was filed on August 18, 1978, the district judge declined to grant the temporary restraining order and scheduled the hearing on the preliminary injunction for October 19, 1978. Defendants then filed a motion to dismiss which was denied. On August 30, 1978, the district court entered an order consolidating the hearing on the motion for preliminary injunction with hearings in other cases and scheduled the consolidated hearings for September 18, 1978. On September 15, 1978, the district judge entered an order rescinding his prior consolidation order and set the hearing on plaintiffs' motion for preliminary injunction for September 28, 1978. Defendants filed no responsive pleadings, other than the motion to dismiss.

---

* District Judge of the Northern District of Georgia, sitting by designation.

Plaintiffs were medical service personnel employed by the Alabama Board of Corrections and assigned to the Julia Tutwiler Prison. They were transferred to other assignments within the prison system and were given the option of accepting the transfers or terminating their employment. They opted for the latter and this suit was filed, alleging that the defendants, acting under color of state law, arbitrarily, capriciously, willfully and maliciously acted to deprive them of property without due process of law and to punish them for their exercise of free speech under the First Amendment. The complaint alleges that plaintiffs were ordered transferred as punishment for espousing the cause of quality medical care for inmates in the Alabama prison system and for complaining to officials that the defendants were not complying with the orders entered by the federal court in the proceedings entitled *Newman v. Alabama.*[1] Plaintiffs seek damages and seek to enjoin the defendants from interfering with their exercise of free speech and their efforts to provide quality medical care.

On September 28, 1978, the matter was called for trial on the motion for preliminary injunction and counsel for the parties announced ready. The court then sought a stipulation of the parties that the trial on request for a preliminary injunction would also constitute trial on the merits. The following colloquy took place between the court and counsel:

THE COURT: All right. Now, can I have an agreement between the parties in this case that evidence taken on this motion for preliminary injunction hearing may be considered as the final hearing in this case and let it be the motion for permanent injunction, also?

MR. BARNES [counsel for defendants]: I have no objection to that, Your Honor.

MR. PRESTWOOD [counsel for plaintiffs]: I haven't—really am not in a position to make that agreement at this time.

THE COURT: Well, if you get your preliminary—motion for preliminary injunction granted in this case, what more will you want?

MR. PRESTWOOD: Well, Your Honor, we—

THE COURT: Other than the—other than a formal motion asking that it be made permanent at sometime in the future?

MR. PRESTWOOD: Yes, sir; well, we have asked, also, for money damages in this case.

THE COURT: I understand that, and all of that is before the Court today.

MR. PRESTWOOD: Yes, sir.

THE COURT: I want all of your evidence on all of your case presented in connection with this motion for preliminary injunction.

MR. PRESTWOOD: All right.

THE COURT: I take it you are prepared to do that?

MR. PRESTWOOD: Yes, sir; well, I am prepared for preliminary injunction, Your Honor, I am prepared to go to trial today; I didn't know I was submitting myself—

THE COURT: All right; then if you get your motion for preliminary injunction granted as result of the evidence you present and the defendants present, what more will you want?

MR. PRESTWOOD: The money damages is what I said, in essence.

THE COURT: I am going to hear your evidence on that, and I am going to decide that issue in this hearing, as result of this hearing, also.

MR. PRESTWOOD: All right, sir; if we got it granted, we wouldn't need any further hearing.

THE COURT: All right; if you get it denied, the motion for preliminary injunction, what more would you want?

1. *Newman v. State of Alabama,* 503 F.2d 1320 (5th Cir. 1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1680, 44 L.Ed.2d 102 (1975), was a successful class action brought by state prisoners seeking proper and adequate medical treatment while incarcerated in the Alabama Prison System.

MR. PRESTWOOD: Well, Your Honor, I don't know whether we would have additional evidence or not, which—which we have done the best we could to get ready in the short time we have had.

THE COURT: All right; you are not in a position to agree that this will be a final submission?

MR. PRESTWOOD: No, sir.

THE COURT: All right.

At the close of the evidence, the court heard oral arguments and then made findings of facts, concluding with this ruling:

Judgment will be entered denying the plaintiffs' request for injunctive relief wherein the plaintiffs ask this Court to enjoin the defendants from transferring or discharging them from their Merit System positions with the Alabama Prison System. The Court's order will deny the plaintiffs' request that they be awarded compensatory and punitive damages and costs and reasonable attorney's fees.

After formal written judgment was entered, the plaintiffs filed a motion seeking a new trial or, alternatively, an amendment of the findings and judgment so as to limit the decree to a denial of their application for a preliminary injunction. In this motion, which the court denied, plaintiffs noted their demand for trial by jury.

Plaintiffs timely appealed the order dismissing all of their demands and the order denying the alternative motion, assigning as error: (1) the denial of the preliminary injunction, (2) various findings upon which the denial of injunctive relief was based, (3) the consolidation of the hearing on the motion for preliminary injunction with the trial on the merits, and (4) the denial of their rights to a jury trial as a consequence of the consolidation.

We find no error in the denial of the preliminary injunction, accordingly, that part of the judgment is affirmed. However, in the posture in which this case was presented, the court should not have rendered judgment on the merits.

■ Fed.R.Civ.P. 65(a)(2) gives the trial judge discretion to combine a hearing on a motion for preliminary injunction with the trial on the merits.[2] This combining may be done before or after the commencement of the hearing, however, it must be done in such a way that the parties' rights to trial by jury are protected.

Rule 38 of the Federal Rules of Civil Procedure, entitled "Jury Trial of Right," provides in pertinent part:

(a) *Right Preserved.* The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

\*       \*       \*       \*       \*       \*

(d) *Waiver.* The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

The language of the Rules is very specific. Under Rule 65 the hearing on the injunction may be consolidated with trial on the merits provided the right to trial by jury is preserved. Under Rule 38, trial by jury may be demanded at any time after commencement of an action and up to 10 days after service of the last pleading directed to the issue for which jury trial is sought.

---

**2.** Rule 65(a)(2) provides:

. . . (2) *Consolidation of Hearing With Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application . . . This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

■■ The essential inquiry before us is whether the plaintiffs expressly or impliedly waived their right to jury trial. A waiver occurs only by the passage of the time limitation or, prior to that time, by some express action by the party or his attorney which evidences his decision not to exercise the right. Neither occurred in this case. Even assuming that plaintiffs' counsel had agreed to consolidate the injunction hearing with the trial on the merits, that, alone, would not be an express waiver of the right to jury trial on the § 1983 damages claim. *Heyman v. Kline*, 456 F.2d 123 (2d Cir. 1972), *cert. denied*, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88, discusses the imperative for maintaining the place of the jury in the fact–finding process, citing and quoting from decisions of the Supreme Court:

'Maintenance of the jury as a fact–finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.' *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935). '[T]he right of jury trial is fundamental, [and] courts [must] indulge every reasonable presumption against waiver.' *Aetna Insurance Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 812, 81 L.Ed. 1177 (1937).

\* \* \* · \* \* \*

The right to jury trial is too important . . . and the usual procedure for waiver of the right too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation.

456 F.2d at 129.

We are in accord with these views. The plaintiffs have a right to try their damage claim to a jury if they so desire. The issue before us is similar to that involved in *Eli Lilly and Company v. Generix Drug Sales, Inc.*, 460 F.2d 1096 (5th Cir. 1972), in which the defendants complained that the advancement and consolidation of the trial on the merits with the hearing on the motion for preliminary injunction caused them to lose their right to a jury trial. In remanding for a jury trial on certain issues we stated:

. . . where certain fact issues are common to both the legal and equitable claims in a lawsuit, only under the *most imperative circumstances* should a judge proceed first with the equitable claims in such a fashion that he, rather than the jury the parties have demanded, decide those fact issues. *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); [*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Thermo–Stitch, Inc. v. Chemi–Cord Processing Corp.*, 294 F.2d 486 (5th Cir. 1961)].

460 F.2d at 1107.

In *Thermo–Stitch, Inc.*, we said that a party is not to be deprived of the right to a jury trial because the equitable claim coexists with the legal claims:

The mere presence of an equitable cause furnishes no justification for depriving a party to a legal action of his right to a jury trial.

294 F.2d at 490–91. *See also Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978).

The trial on the merits should not have been advanced and combined with the hearing on the preliminary injunction. To the extent that the orders appealed from go beyond a denial of the injunctive relief, they are reversed and the matter is returned to the district court for further proceedings not inconsistent herewith.

AFFIRMED in part, REVERSED in part, and REMANDED.