Joseph A. ZAVALETTA, Jr., et al., Plaintiffs,

v.

AMERICAN BAR ASSOCIATION, an unincorporated association, Defendant.

Civ. A. No. 89–326–N.

United States District Court, E.D. Virginia, Norfolk Division.

May 5, 1989.

---

John W. McCormick, Roger C. Bern, Virginia Beach, Va., for plaintiffs.

William T. Prince, Williams, Worrell, Kelly & Greer, Norfolk, Va., H. Blair White, David T. Pritikin, David R. Stewart, Sidley & Austin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

CLARKE, District Judge.

Plaintiffs, third-year law students at CBN University School of Law ("CBNU" or "the Law School") filed suit against the American Bar Association ("ABA") challenging the ABA's actions in connection with the accreditation of the Law School. The plaintiffs moved for a preliminary injunction to require the ABA to grant CBNU provisional accreditation by May 20, 1989, the date of their graduation.

After a two-day evidentiary hearing, the Court denied the Motion for a Preliminary Injunction for reasons stated from the bench. The Court also granted the defendant's Motion for Summary Judgment and dismissed the suit.

This Memorandum will supplement the Court's bench opinion, more fully stating the basis for granting summary judgment at this time and addressing the plaintiff's allegation of an antitrust violation, which the Court inadvertently failed to discuss in its ruling from the bench.

The defendant moved to dismiss the Complaint at the same time that it filed its answer, one day before the hearing. At the hearing, the defendant renewed this Motion and moved, in the alternative, for summary judgment. Because matters outside the pleadings were presented to the Court, the Motion was treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b).

■ Rule 65 permits the Court to conduct a hearing on a motion for a preliminary injunction and on the merits at the same time, if appropriate notice is given to the parties. Fed.R.Civ.P. 65(a)(2); *Gellman v. State of Maryland,* 538 F.2d 603 (4th Cir.1976). However, special circumstances may warrant a departure from the general requirement of notice. *Berry v. Bean,* 796 F.2d 713, 719 (4th Cir.1986).

In *Berry,* the material facts were undisputed and "precedent dictate[d] a resolution in favor of the [defendant]." *Id.* Here, the material facts are also essentially undisputed. The Court's ruling in favor of the defendant in this case was based on issues of law rather than on the resolution of factual disputes, so that "further consideration in this case would be a useless gesture." *Id.* Moreover, the time constraints of this case and the near certainty that any decision would be immediately appealed suggested that a prompt resolution of the case on the merits would serve the interests of the parties by providing a full record for appellate review.

Count VII of the Complaint alleges that the ABA "and others have engaged in a continuing combination and conspiracy in

the nature of a boycott," constituting an unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Plaintiffs argue that the ABA's Standards for Approval of Law Schools are subjective, unreasonable and efficiency-stifling and that their use in an arbitrary manner in the accreditation process prevents CBNU from competing as a provider of legal education. The Complaint alleges harm to competition in general, to the students as consumers of legal education and to the public as the ultimate consumers of legal services. The Court assumes for purposes of this analysis that the students have standing to assert these claims.

■ The defendant argues that its activities impose no restraint on trade, unreasonable or otherwise. The Court finds this view persuasive. As the ABA points out, it has no restrictions against hiring, making referrals to or otherwise dealing with graduates of unaccredited schools, nor does it forbid its members from teaching at unaccredited schools or exclude such schools from competing for students. *See Schachar v. American Academy of Ophthalmology, Inc.*, 870 F.2d 397, 399, 1989–1 Trade Cas. (CCH) ¶ 68,498 at 60,738–39 (7th Cir.1989).

In accrediting a law school, the ABA merely expresses its educated opinion—at the school's own request—about the quality of the school's program. This information is provided to state supreme courts and bar examiners, who have the sole power to determine if a school's graduates are entitled to sit for the bar examination or practice in their states. Although most states have chosen to adopt the ABA's accreditation list as their own, they are free to heed the ABA or not, as they choose. The evidence showed that, in fact, several states provide for bar admission of applicants who are not graduates of ABA-accredited schools. Moreover, in evaluating a profession's self-regulatory restrictions, "the general presumption is that the public interest is served by the promotion of enhanced education and training requirements." *Sherman College of Straight Chiropractic v. American Chiropractic*

*Ass'n*, 654 F.Supp. 716, 722 (N.D.Ga.1986), *aff'd*, 813 F.2d 349 (11th Cir.), *cert. denied*, 484 U.S. 854, 108 S.Ct. 160, 98 L.Ed.2d 114 (1987).

■ In addition, the ABA has a First Amendment right to communicate its views on law schools to governmental bodies and others. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972); *United Mine Workers v. Pennington*, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965). "An organization's towering reputation does not reduce its freedom to speak out." *Schachar*, 870 F.2d at 399, 1989–1 Trade Cas. (CCH) at 60,739.

■ The Court has expressed its opinion that the students' complaints are more properly directed to the state supreme courts that have chosen to recognize only ABA-accredited schools. It is clear that state regulatory policies are outside the ambit of the Sherman Act. *Bates v. State Bar of Arizona*, 433 U.S. 350, 361, 97 S.Ct. 2691, 2697, 53 L.Ed.2d 810 (1977); *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943).

Accordingly, summary judgment is GRANTED for the defendant as to Count VII, the Sherman Act claim. The Complaint is DISMISSED as to Count VII as well as to all other Counts as heretofor ordered from the bench on May 5, 1989.

The Clerk is DIRECTED to send a copy of this Order to counsel for the plaintiffs and defendant.

IT IS SO ORDERED.