<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-1744**

―――――――――

ATTORNEYFIRST, LLC, a West Virginia limited
liability company,

Plaintiff - Appellant,

versus

ASCENSION ENTERTAINMENT, INCORPORATED, a
Delaware corporation; STEVEN LOPEZ,
individually; JURISFIRST, LLC, a Nevada
limited liability company; ACADEMY MORTGAGE
CORPORATION, a Utah corporation,

Defendants - Appellees.

―――――――――

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston. Joseph Robert Goodwin,
District Judge. (CA-03-2467-3)

―――――――――

Argued: February 2, 2005                    Decided: June 8, 2005

―――――――――

Before WILKINS, Chief Judge, WIDENER, Circuit Judge, and Robert E.
PAYNE, United States District Judge for the Eastern District of
Virginia, sitting by designation.

―――――――――

Reversed and remanded by unpublished per curiam opinion.

―――――――――

**ARGUED:** Edward Pope Tiffey, Charleston, West Virginia, for
Appellant. Richard Forlani Neely, NEELY & HUNTER, Charleston, West
Virginia, for Appellees. **ON BRIEF:** R. Terrance Rodgers, Kimberly
Ann Martin, ALLEN, GUTHRIE, MCHUGH & THOMAS, P.L.L.C., Charleston,
West Virginia, for Appellee Academy Mortgage Corporation.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

AttorneyFirst LLC ("AttorneyFirst") appeals from a judgment against it on the merits of seven of its nine claims[1] after the district court, under Fed. R. Civ. P. 65(a)(2), consolidated a hearing on an application for preliminary injunction with a trial on the merits. Because the district court did not provide clear and unambiguous notice of its intent to consolidate under Rule 65(a)(2), we reverse the judgment and remand the case for further proceedings.

I.

AttorneyFirst filed its original Complaint against Ascension Entertainment, Inc., Steven Lopez, JurisFirst LLC, and Academy Mortgage Corp. alleging claims for: (1) breach of a Confidentiality and Non-Disclosure Agreement (the "Confidentiality Agreement"); (2) breach of a Development Agreement (the "Development Agreement"); (3) breach of a declaratory judgment of the rights and obligations of the parties under those agreements; and (4) "willful, malicious, intentional and independent torts against AttorneyFirst's property interests." The original Complaint sought compensatory and punitive damages as well as preliminary and permanent injunctive relief, and the plaintiff requested a trial by jury. The action,

---

[1] The district court ruled in favor of AttorneyFirst on parts of two claims, but declined to grant most of the relief that AttorneyFirst had requested in those two counts.

which was filed in state court, was timely removed to federal court.

On December 16, 2003, all defendants except Academy Mortgage filed motions to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) or, alternatively, for summary judgment under Fed. R. Civ. P. 56. On December 22, 2003, Academy Mortgage filed its Answer and Affirmative Defenses.

On January 16, 2004, the parties filed their Report Of Parties' Planning Meeting wherein, as required by Fed. R. Civ. P. 26(f), they proposed a detailed pretrial schedule culminating in a three-day trial to commence on November 15, 2004. On the same day, AttorneyFirst filed its motion for preliminary injunction, asking the court to "enjoin all defendants from improper use of confidential information," and to enjoin Ascension and Lopez from "continued breach of their affirmative contractual obligations to maintain confidentiality." AttorneyFirst also requested an evidentiary hearing on the motion.

Thereafter, on January 27, 2004, AttorneyFirst moved for leave to file an Amended Complaint with nine counts. In the Amended Complaint, AttorneyFirst raised claims for: injunctive relief under the Confidentiality Agreement (Count I); breach of the Confidentiality Agreement (Count II); breach of the Development Agreement (Count III); a declaratory judgment of the rights and obligations of the parties under both agreements (Count IV);

3

conversion (Count V); tortious interference with a business expectancy (Count VI); fraud (Count VII); agency, unjust enrichment and constructive trust (Count VIII); and violations of West Virginia's Uniform Trade Secrets Act (Count IX). Like the original Complaint, the Amended Complaint made a demand for trial by jury. After the defendants had responded to the motion for preliminary injunction, the district court set the motion for an evidentiary hearing.

II.

At the beginning of the two day hearing, the district court observed that the proposed Amended Complaint included a claim, and sought injunctive relief, under the West Virginia Uniform Trade Secrets Act. However, the district court went on to explain that "[t]he motion for preliminary injunction, which we're here on today, is based on the contracts [the original Complaint] and not based on the Uniform Trade Secrets Act [in the Amended Complaint]."

Without objection from the defendants, the district court granted the motion for leave to file the Amended Complaint.[2] Then,

---

[2] Also, at the outset of the hearing, the district court noted that the defendants had filed a motion to dismiss, which the district court considered actually to be a motion for summary judgment. Having made that observation, the district court stated that: "[t]o the extent you wish to proceed on this motion as filed, I will treat the motion to dismiss, I think logically, as going to the likelihood of success on the merits." That, of course, is one of the factors to be considered in assessing the propriety of preliminary injunctive relief. See Direx Israel, Ltd. v.

4

the district court expressed concern that a second hearing for injunctive relief under the Uniform Trade Secrets Act might be necessary if the hearing then underway proceeded only on the contractual basis for injunctive relief that was asserted in the original Complaint. To that expression of concern, counsel for Ascension, Lopez, and JurisFirst, responded that "the motion for preliminary injunction raised the trade secrets issue" and which had been addressed in the briefs already on file.

Counsel for Ascension, Lopez, and JurisFirst also expressed hope "to basically wrap that case up" . . . "[s]o, we would hope that we could address all of these issues today." JA 250. The district court asked whether that was agreeable to counsel for plaintiff who replied: "Yes sir, absolutely. We're prepared to address the contractual issues set forth in the first and second agreements, as well as the trade secrets issue." JA 251.

Counsel for Academy Mortgage agreed, but noted that Academy Mortgage was not party to either contract. The district court then observed:

> I understand that. And, that's why there are discrete differences between the claims under the first complaint and the claims under the second complaint. To be absolutely clear, we are now <u>proceeding under the amended complaint</u> by agreement.

---

<u>Breakthrough Med. Corp.</u>, 952 F.2d 802 (4th Cir. 1991); <u>Rum Creek Coal Sales, Inc. v. Caperton</u>, 926 F.2d 353 (4th Cir. 1991); <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977).

* * *

> And, <u>the claim for preliminary injunction is based</u> not only <u>on the contractual provisions</u> [and] . . . by agreement <u>ore tenus on the West Virginia Trade Secrets Act</u>.

JA 251 (emphasis added). Counsel all agreed. JA 252. Thereupon, for most of that day and the better part of the next day the district court heard testimony directed to the claims for injunctive relief.

At the conclusion of the evidentiary session, the district court set a schedule for filing proposed findings of fact and conclusions of law. JA 696. Counsel for Ascension, Lopez, and JurisFirst expressed concern about incurring the expense of preparing an answer to the Amended Complaint, apprehending (for reasons not of record) that there might be yet another amendment forthcoming. The district court addressed that issue by "suspend[ing] the requirement of [defendants] filing an answer during pendency of my <u>consideration of the motion for preliminary injunction</u>," and then said:

> And, in that regard, I don't think there's anything in the amended complaint that I need your answer for in order <u>to deal with the preliminary injunction motion</u>.

* * *

> Okay, here's what we'll do. We'll <u>wait until I enter an order on the preliminary injunction</u>. Thereafter, whatever happens, within 20 days of that, file an answer.

JA 698 (emphasis added).

6

Subsequently, in March 2004, the parties filed their proposed findings of fact and conclusions of law. All parties focused their submissions on whether preliminary injunctive relief was appropriate under the <u>Blackwelder</u> standard.[3] AttorneyFirst's filing concluded with a request that the district court convene a scheduling conference, clearly contemplating further proceedings. JA 814. Academy Mortgage reflected a similar understanding in ending its filing with the statement that "a preliminary injunction is not necessary to protect the status quo or preserve this Court's ability to render a meaningful judgment on the merits." JA at 833.

On May 5, 2004, AttorneyFirst filed Plaintiff's Motion For Status And Scheduling Conference. JA 836-39. In it, AttorneyFirst asked the Court to adjust the previously set discovery and pretrial deadlines and set a new trial date.

Then, on May 26, 2004, the district court issued Findings of Fact and Conclusions of Law in which it recited that its judgment was entered "after a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2)." Thereafter, the district court: (a) entered judgment on the merits in favor of the defendants on Counts

---

[3] The papers filed by Ascension, Lopez and JurisFirst made a passing plea for an award of summary judgment but, in a procedure unknown in the federal system, acknowledged the weakness of their position by suggesting that the motion be conditionally granted subject "to a motion by Plaintiff to reconsider, supported by specific reference to those things that Plaintiff, in good faith, believes will be revealed by further discovery and that is revealed will support a judgment in Plaintiff's favor. . . ." JA 766-67.

II, III, VII, VIII and IX; (b) declined to enter the declaratory relief requested in Count IV; and (c) held in favor, in small part, of AttorneyFirst on Counts I and V.  JA 845-65.  A judgment order to that effect was entered the same day.  JA 866.  This appeal ensued.

III.

Assessment of the notice issue raised by AttorneyFirst begins with the terms of Fed. R. Civ. P. 65(a)(2), which, in pertinent part, provides:

> (2) <u>Consolidation of Hearing With Trial on Merits</u>. Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.
>
> * * *
>
> This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

We have held that "Fed. R. Civ. P. 65(a)(2) wisely permits the district court in an appropriate case to hear a motion for preliminary injunction and conduct a hearing on the merits at the same time." <u>Gellman v. Maryland</u>, 538 F.2d 603, 604 (4th Cir. 1976) (quoting <u>Singleton v. Anson County Bd. of Educ.</u>, 387 F.2d 349, 351 (4th Cir. 1967)).

We also have accepted the now-settled principle announced in <u>Pughsley v. 3750 Lake Shore Drive Coop. Bldg.</u>, 463 F.2d 1055 (7th

8

Cir. 1972), that, "before consolidation of a trial on the merits with a hearing on a motion for preliminary injunction is appropriate, 'the parties should normally receive clear and unambiguous notice to that effect either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases.'" Gellman v. Maryland, 538 F.2d at 603; aaiPharma, Inc. v. Thompson, 296 F.3d 227, 234 (4th Cir. 2002).

As the Seventh Circuit explained in Pughsley, the reason for the rule is that:

> A litigant applying for a preliminary injunction should seldom be required either to forego discovery in order to seek emergency relief or to forego a prompt application for an injunction in order to prepare adequately for trial. Different standards of proof and of preparation may apply to the emergency hearing as opposed to the full trial.

Pughsley v. 3750 Lake Shore Drive Coop. Bldg., 463 F.2d at 1057. We subscribed to that fundamental precept in both Gellman and aaiPharma. In addition, in aaiPharma, we explained that:

> The notice requirement is necessary because 'the facts adduced [at a preliminary injunction hearing] often will not be sufficient to permit an informed determination of whether a direction for the entry of judgment is appropriate.' Berry v. Bean, 796 F.2d 713, 719 (4th Cir. 1986) (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2950 at 492 (1973)). As a result, 'a party addressing only issues of preliminary relief should not ordinarily be bound by its abbreviated and only partially informed presentation of the merits.' Id.

aaiPharma, Inc. v. Thompson, 296 F.3d at 234 (emphasis added).

9

It also is appropriate to keep in mind that a preliminary injunction is intended to serve the limited purpose of preserving "the relative positions of the parties until a trial on the merits can be held." <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). And, as the Supreme Court explained in <u>Camenisch</u>:

> Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, <u>a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing</u>, <u>Progress Development Corp. v. Mitchell</u>, 286 F.2d 222 (C.A.7 1961), and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits, (citations omitted). In light of these considerations, <u>it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits</u>. (citations omitted).

<u>Id.</u> (emphasis added). Noting, however, that, on occasion, expedited decisions on the merits are appropriate, the Supreme Court recognized that Rule 65(a)(2) provides the means of securing an expedited decision and then adopted the notice requirement as announced in <u>Pughsley</u>.

The facts in <u>Pughsley</u> are similar to those presented here. In <u>Pughsley</u>, the district court had conducted a two day preliminary injunction hearing and, at the end of the first day, after agreeing to hear further evidence the next day, the court made the following statement:

10

> Now I am going to insist, counsel, that whatever your total case is, and I want to give you every reasonable opportunity to put it in, that you complete it before I request the defendants to go ahead.

Pughsley v. 3750 Lake Shore Drive Coop. Bldg., 463 F.2d at 1056.

That, according to the Seventh Circuit, was insufficient to satisfy the notice requirement of Rule 65(a). In Gellman, we cited Pughsley as an illustration of what does not constitute "clear and unambiguous notice." Gellman v. Maryland, 538 F.2d at 604. And, in Gellman, we adopted the following view as the appropriate means for accomplishing that result:

> A leading text has offered this suggestion on the proper procedure under Rule 65(a)(2):
>
> > Doubt as to the propriety of consolidation will be minimized if the trial court gives the parties advance notice of the proposed action or, if consolidation is ordered at the hearing, the parties are permitted to request additional time to assemble their entire presentation on the merits.
>
> 11 Wright & Miller, Federal Practice and Procedure, ¶ 2950, p. 488 (1973).

Gellman v. Maryland, 538 F.2d at 605 (emphasis added).

These principles inform our resolution of the notice issue presented here.

IV.

A.

At the beginning of the preliminary injunction hearing, and based on its perception of an exchange with, and between, counsel

11

the district court's opinion recites that, "[f]rom the outset of [the preliminary injunction] hearing, the parties agreed that they were prepared to argue the entire case."  JA 846.  The exchange cited by the district court in support of that finding[4] came about because the district court had raised the prospect of two separate injunction hearings, one on the contractual claims (as presented in the original Complaint) and one on the Uniform Trade Secrets Act claim (as presented in the Amended Complaint).  Clearly, the district court desired to avoid that circumstance, and so too did counsel.  Having reviewed that exchange in its entirety, we conclude that counsel agreed, not on combining a trial on the merits with the preliminary injunction hearing, but, instead, to proceed with the claim for injunctive relief based on  both the contractual provisions asserted in the original Complaint and on the Uniform Trade Secrets Act as presented in the Amended Complaint.

That conclusion is supported by a review of the hearing transcript which discloses that the evidence was focused on the question of preliminary injunctive relief, not on the entirety of the contractual claims or the Uniform Trade Secret Act claims that formed the springboard for preliminary injunctive relief.  Nor does the record disclose the sort of proofs usually associated with claims for fraud, conversion, tortious interference with a business

---

[4] (JA 249-257).

12

expectancy, or unjust enrichment.  Further, the record discloses no proof of monetary damage even though many of AttorneyFirst's nine claims call for that kind of relief.  One would think that evidence directed to those points would have been offered if the parties, in fact, had agreed to trial on the merits.  The absence of such proofs support conclusion that there was no agreement to consolidate the trial on the merits with the application for preliminary injunctive relief.

The post-hearing conduct of the parties confirms that they understood their agreement to have been that the hearing would encompass both the contractual and the statutory claims for injunctive relief, and not that the merits of all claims were to be decided.  First, the post-hearing proposed findings of fact and conclusions of law focused only on the issues of injunctive relief.  Put another way, none of the post-hearing papers even addressed the other claims made in the Amended Complaint (which was the operative complaint when the parties filed their proposed Findings of Fact and Conclusions of Law).  For example, Academy Mortgage concluded its filing by arguing that preliminary injunctive relief was not necessary either to "protect the status quo or preserve [the district court's] ability to render a meaningful judgment on the merits," thereby signifying that it contemplated a trial on the merits after the district court had made its decision on the injunctive phase of the case. AttorneyFirst concluded its proposed

13

Findings of Fact and Conclusions of Law by requesting that the court issue an order "convening a scheduling conference as soon as reasonably possible." JA 814. The submission made by Ascension, Lopez, and JurisFirst also focused on the issues of injunctive relief except for its terse suggestion that "this litigation should end at this point," a result that even those defendants realized could not happen under extant federal procedure.[5] And, from the district court's opinion, it is clear that the district court did not grant summary judgment. ("I will therefore dispense with consideration of the standards for issuing a preliminary injunction or for granting summary judgment and proceed to the merits of the plaintiff's claims.") JA 847.

For the foregoing reasons, we cannot conclude, on this record, that the parties agreed to proceed under Rule 65(a)(2) with a consolidated proceeding.


B.

The district court also held that the notice requirement was satisfied by a comment that it made after the evidence had been

---

[5] To achieve the result of ending the litigation, those defendants asked the district court to enter a conditional grant of summary judgment in its favor subject to a motion by the plaintiff to reconsider if an appropriate showing could be made as to what further discovery would reveal and how that information would support a judgment in behalf of the plaintiff. A procedure of that sort is unknown in federal practice and, in fact, turns Rule 56 on its head.

14

presented.  It thus is necessary to consider in full the cited exchange.  After the plaintiff had rested, Ascension, Lopez, and JurisFirst moved "that the Court <u>decide</u> from the bench now <u>that the standards for issuing a preliminary injunction have not been met</u> and that such an injunction will not be issued."  JA 616 (emphasis added).  After hearing arguments on that point, the district court stated:

> This fight among all of you has been going on a while. And I just as soon the preliminary injunction stage, if I do it right, will be the end of the fight, or at least I think it will.  Since that's an appealable order too and we won't be going into discovery, it doesn't seem to me like this is a case that will need to go on much beyond this.

JA 847 (quoting the hearing transcript at JA 621).  In its memorandum opinion, the district court characterized that statement as follows: "I made clear at the hearing my intention to resolve this litigation, if possible, at this stage of the proceedings." JA 847.

We cannot conclude that the statement by the district court in response to what amounts to a motion for judgment as a matter of law constitutes the kind of clear and unambiguous notice required by Rule 65(a)(2).  Indeed, that comment is not nearly as clear as the comment in <u>Pughsley</u> which both the Seventh Circuit in <u>Pughsley</u>, and we, in <u>Gellman</u>, found to constitute inadequate notice under Rule 65(a)(2).

15

V.

AttorneyFirst also asserts that the district court's consolidation decision runs afoul of the last sentence in Rule 65(a)(2) which provides that: "[t]his subdivision (a)(2) <u>shall be so construed and applied</u> as to save to the parties any rights they may have to trial by jury." (emphasis added). We agree.

In its original Complaint and in its Amended Complaint, AttorneyFirst requested a trial by jury. At no time during the exchange at the beginning of the preliminary injunction hearing was there any indication that AttorneyFirst intended to forego its demand for trial by jury. Yet, to accept the view that AttorneyFirst agreed to a consolidated bench trial on the merits with the preliminary injunction under Rule 65(a)(2), one would have to accept the proposition that AttorneyFirst agreed to waive its right to trial by jury on the nine claims presented in the Amended Complaint. A waiver of the right to trial by jury will not be lightly implied. <u>See</u> <u>Aetna Ins. Co. v. Kennedy</u>, 301 U.S. 389, 393 (1937) (holding that "the right of jury trial is fundamental, courts must indulge every reasonable presumption against waiver"); <u>Heyman v. Kline</u>, 456 F.2d 123, 129 (2d Cir. 1972) (holding that "the right to jury trial is too important, and the usual procedure for waiver too clearly set out by the Civil Rules for the courts to find a knowing and voluntary relinquishment of the right in a doubtful situation"). Indeed, a waiver requires "some express

16

action by the party or his attorney which evidences his decision not to exercise the right [to trial by jury]." <u>Bowles v. Bennett</u>, 629 F.2d 1092, 1095 (5th Cir. 1980).[6]

The decision to enter judgment on the merits all of AttorneyFirst's nine claims "conclusively resolved the factual issues at the preliminary injunction stage--issues which otherwise would have been decided by a jury." <u>H&W Indus., Inc. v. Formorsa Plastics Corp.</u>, 860 F.2d 172, 178 (5th Cir. 1988). Here, as there, the act of consolidation operated to deprive AttorneyFirst of its right to jury trial. That, of course, can be done by agreement to waive the right to trial by jury, but the record here discloses no such agreement.

VI.

Of course, there are instances when the lack of notice under Rule 65(a)(2) does not foreclose a decision on the merits of a legal issue by the district court. <u>See</u>, <u>e.g.</u>, <u>aaiPharma v. Thompson</u>, 296 F.3d at 235. However, special circumstances must be present before we can put aside such an error. <u>Id.</u> The special circumstances in <u>aaiPharma</u> included an acknowledgment by counsel for the plaintiff at argument on appeal that all the legal

---

[6] Waiver of the right to trial by jury also can occur by allowing the time for making a jury demand to pass without making it. However, that did not happen in this case because the original Complaint and the Amended Complaint both contained demands for jury trial.

17

arguments had been presented and, most importantly, a statement that the plaintiff "would welcome" a decision on the merits. Those statements signified "a waiver of aaiPharma's objection to the district court's procedural error." Id. Also, in aaiPharma, we noted that the case turned wholly on the resolution of one specific legal question; and, therefore, if the case were remanded, "we would likely find ourselves reviewing the district court's ruling on this issue next year in light of the same record and the same arguments we have before us now." Id.

We find no such special circumstances present here. Unlike aaiPharma, where only one discrete legal issue remained following the preliminary injunction hearing, the factual record here is not developed sufficiently to permit adjudication on the merits. Nor, were the legal issues fully addressed by the parties. Indeed, considering the record as a whole, the only issues tried were whether, on the facts presented, the contracts or the West Virginia's Uniform Trade Secret Act warranted preliminary injunctive relief under this circuit's test for relief of that sort. The plaintiff, having never been given notice that the trial was to be on the merits of its claims, was not required to, and did not, present fulsome evidence on the merits of any its nine claims. Absent the clear and unequivocal notice required by Rule 65(a)(2), it was error to consolidate the injunction proceedings and the

18

merits.  Unlike, in <u>aaiPharma</u>, there is no basis in the record to conclude that the failure of notice in this case can be overlooked.

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded for further proceedings on the merits of all of AttorneyFirst's claims.

<u>REVERSED AND REMANDED</u>