**ALLSTATE INSURANCE COMPANY; Allstate Indemnity Company; Allstate Property and Casualty Company; Allstate Fire and Casualty Insurance Company; Allstate County Mutual Insurance Company, Plaintiffs–Appellants**

v.

**COMMUNITY HEALTH CENTER, INCORPORATED; Community Health & Rehabilitation Center, Incorporated; Kathy Hampton; Leon Hampton; Mid City Imaging, Defendants–Appellees.**

No. 14–30506.

United States Court of Appeals, Fifth Circuit.

March 16, 2015.

Christopher Parnell Lawler, Donovan & Lawler, Metairie, LA, for Plaintiffs–Appellants.

Dele Akintade Adebamiji, Adebamiji Law Firm, Baton Rouge, LA, for Defendants–Appellees.

Before JONES and HAYNES, Circuit Judges, and CRONE *, District Judge.

PER CURIAM: **

Plaintiffs–Appellants Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Company, Allstate Fire and Casualty Insurance Company, and Allstate County Mutual Insurance Company (collectively, "Allstate") sued Community Health Center, Inc., Community Health and Rehabilitation Center, Inc., Kathy Hampton, Leon Hampton, and Mid City Imaging (collectively, "Community") in December 2008, alleging that Community committed fraud by creating false patient records to support fraudulent injury claims. Both parties requested a trial by jury—Community in its answer and counterclaims of race discrimination and defamation and Allstate in its answer to the counterclaims.

Allstate subsequently moved for summary judgment on its fraud claim and Community's counterclaims. Rather than filing a response, Community filed a cross-motion for summary judgment, which the district court dismissed as untimely.

Community did not otherwise respond to Allstate's motion for summary judgment, and the district court granted the motion in its entirety as unopposed and properly supported. The court then ordered a trial "as to the amount owed to the plaintiffs."

After the district court denied Community's motion to reconsider, the parties filed a joint pretrial order waiving their right to a jury trial as to damages—the only remaining issue before the court.[1] Following the pretrial conference, the district court expressed concern that the parties misunderstood which claims and issues remained in the litigation after the earlier order. As a result, the district court vacated the order granting summary judgment, reinstated all claims, and allowed the parties to amend their pleadings before trial.

Allstate filed an amended complaint asserting further allegations of fraud and requesting a trial by jury. Allstate also moved separately to reinstate the jury demand. The district court denied Allstate's jury request and proceeded to trial without a jury. In its final judgment, the district court concluded that the majority of Allstate's claims had prescribed and that Allstate failed to prove fraud, negligent misrepresentation, or unjust enrichment with respect to the remaining claims. Allstate timely appealed.

As Allstate conceded at oral argument, a district court has the discretion to revisit and reverse a prior interlocutory order. *See Harrell v. DCS Equip. Leas-*

---

* District Judge of the Eastern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The joint pretrial order stated in paragraph 14: *"This case will be a bench trial.* This is currently set as a jury case. However, the parties agree to have the sole issue of damages tried as a bench trial in New Orleans (as a result of the Court's Judgment of August 21, 2012)." (emphasis in original).

*ing Corp.*, 951 F.2d 1453, 1460–61 (5th Cir.1992) (noting that it is "well within the trial court's discretion to revise the partial summary judgment order to permit the issue ... to be more fully presented at trial"). Allstate contends, however, that the district court violated its rights under the Seventh Amendment when it refused to reinstate a jury trial after it vacated its order granting summary judgment.

Under the Seventh Amendment, a party in a suit at common law has a right to a trial by jury. U.S. CONST. amend. VII. A party may waive this right in only two circumstances: either by express action or by failing to demand a jury trial within the requisite time. *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir.1980). "Whether a party is entitled to a jury trial is a legal question that is reviewed de novo." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 416 (5th Cir.2014) (citing *Provident Life & Accident Ins. Co. v. Sharpless*, 364 F.3d 634, 639 (5th Cir. 2004)). "The right of jury trial is fundamental, and courts must indulge every reasonable presumption against waiver." *Bowles*, 629 F.2d at 1095 (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 81 L.Ed. 1177 (1937)) (internal quotation marks and alterations omitted).

Under Federal Rule of Civil Procedure 38, a party must demand a jury trial "no later than 14 days after the last pleading directed to the issue is served." FED. R.CIV.P. 38(b). Failure to do so results in waiver. FED.R.CIV.P. 38(d). Here, although Allstate did not request a jury trial in its first complaint, it added a jury demand in its response to Community's counterclaims. Furthermore, Community requested a jury in its answer to the complaint, and Allstate was entitled to rely on Community's request. *See Nimrod Mktg. (Overseas) Ltd. v. Tex. Energy Inv. Corp.*, 769 F.2d 1076, 1079 (5th Cir.1985) (party

could rely on other party's demand until the other party withdrew that request); *Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 643 (5th Cir.1976) (plaintiff was entitled to rely on demand made by defendant); *see also* FED.R.CIV.P. 38 ("A proper demand may be withdrawn only if the parties consent."). Thus, Allstate did not waive its right to a jury trial by default.

Additionally, Allstate could have subsequently waived its right to a jury "by some express action by the party or his attorney which evidences his decision not to exercise the right." *Bowles*, 629 F.2d at 1095. Although the district court found that Allstate waived its right to a jury trial by agreement in the pretrial order, Allstate contends that its waiver was limited to the issue of damages, which it believed was the only remaining issue after the court granted its motion for partial summary judgment. Indeed, the plain terms of the pretrial order reflect that the parties limited their waiver of a jury trial to the issue of damages.

Furthermore, even if Allstate had waived its right to a jury trial in the entirety in the pretrial order, the parties and the court were operating under different understandings of what issues remained. Allstate could not have anticipated when it waived its jury demand that the court would vacate its earlier order granting summary judgment. "The right to a jury trial is too important and the usual procedure for its waiver is too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation." *Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir.1998) (citing *Bowles*, 629 F.2d at 1095).

Although deference is generally accorded to a trial judge's interpretation of a pretrial order, *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 696 (5th Cir. Unit B 1982),

this court has an "obligation to 'indulge every reasonable presumption against waiver,'" *Jennings,* 154 F.3d at 545 (quoting *Bowles,* 629 F.2d at 1095). Here, the plain language of the pretrial order indicates that Allstate intended to limit its waiver to the issue of damages, which it believed was the sole remaining issue in the case. At the very least, this is a "doubtful situation." *See id.* Accordingly, we find that Allstate did not waive its right to a jury trial with respect to all of the issues in the case and that the district court erred by proceeding with a bench trial on the merits.

 Finally, the district court's error was not harmless, as a review of the record reveals that Allstate could have withstood a motion for judgment as a matter of law at trial. *See Lewis v. Thigpen,* 767 F.2d 252, 260 (5th Cir.1985). "[A] motion for [judgment as a matter of law] is proper if the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Id.* (internal quotation marks omitted). "A mere scintilla of evidence is insufficient to present a question to the jury." *McDonald v. Steward,* 132 F.3d 225, 230 (5th Cir.1998). "'[A] motion for [judgment as a matter of law] must be acted on without weighing credibility of witnesses.'" *Jennings,* 154 F.3d at 546 (quoting *Kridler v. Bituminous Cas. Corp.,* 409 F.2d 88, 91 (5th Cir.1969)). "Thus, [judgment as a matter of law] is not properly granted when the outcome ... is almost solely based on whether or not the witness' testimony was credible." *Jennings,* 154 F.3d at 546.

In the bench trial, the district court found that Community had adduced sufficient evidence to prevail on its prescription defense for the majority of Allstate's claims and that Allstate failed to meet its burden to prove intentional or negligent misrepresentation or unjust enrichment on its remaining claims. In making such factual findings, however, the district court relied heavily on its weighing of the credibility of the witnesses' testimony at trial. Yet, a reasonable jury could have given more weight to the testimony of Allstate's witnesses and reached a different conclusion than the district court. Because Allstate could have withstood a motion for judgment as a matter of law, the district court's error in proceeding without a jury was not harmless.

Accordingly, we REVERSE the district court's judgment and REMAND the proceedings for a trial by jury.