**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41106
Summary Calendar

Kevin JENNINGS

Plaintiff/Appellant,

versus

James MCCORMICK, Commanding Officer III, Coffield Unit; Karl
R. BROWN, Sergeant, Coffield Unit, and Rosie M. JOHNSON,
Commanding Officer III, Coffield Unit,

Defendants/Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

September 29, 1998

Before DUHE', DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:

Kevin Jennings, a Texas inmate, filed this pro se 42 U.S.C. § 1983 action against correctional officer James McCormick alleging that the officer violated his Eighth Amendment right to be free from cruel and unusual punishment by subjecting him to excessive use of force. After a bench trial, the magistrate judge entered judgment dismissing Jennings' suit with prejudice. Jennings appeals, contending that, because his proper demand for a jury trial had not been withdrawn or waived, the magistrate judge erred

1

in conducting a bench trial in violation of his Seventh Amendment right to a jury trial.  We vacate the district court judgment and remand for further proceedings.

Jennings, who has not been represented or assisted by counsel in this matter, alleges that Officer McCormick willfully and intentionally subjected him to excessive use of force by physically beating him without cause or justification.  At a *Spears*[1] hearing, the magistrate determined that Jennings' complaint was not frivolous and ordered Officer McCormick to file an answer.  We have reviewed the video tape record of the *Spears* hearing.  At the close of the hearing, Jennings signed, at the magistrate's request, a written consent form, styled "Consent to Jurisdiction by a United States Magistrate Judge," which provided:

> In accordance with the provisions of Title 28, U.S.C. 636(c), the undersigned party or parties to the above-captioned civil mater hereby voluntarily consent to have United States Magistrate Judge Judith K. Guthrie conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment. Any appeal of the case will lie with the United States Court of Appeals unless otherwise noted.

Before Jennings signed the consent form, the magistrate judge merely asked him whether he had "any objection [to her] remain[ing]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2

as the judge on the case, presid[ing] at the trial, and enter[ing] the final judgment." The magistrate told Jennings that if he signed the form she would "be the judge then on your case." The magistrate did not explain to Jennings that he had a right to a jury trial or that by signing the form he would be waiving that right. The term "jury trial" was not mentioned at the *Spears* hearing.

The record reveals that shortly after McCormick filed his answer, the magistrate judge entered an order scheduling a bench trial. Jennings made a jury demand subsequent to the court order and within ten days after officer McCormick filed his answer. We are satisfied therefore that Jennings made a timely and effective jury demand under rule 38(b) of the Federal rules of Civil Procedure. *McAfee v. U.P. Martin*, 63 F.3d 436 (5th Cir. 1995). For reasons not contained in the record, the magistrate did not address Jennings' jury demand prior to trial, although the magistrate acted on another contemporaneously filed motion.

At trial, the magistrate judge did not inform Jennings that the trial would be conducted without a jury or that he had waived his right to a jury trial. The magistrate judge, without mention of the subject of a jury trial, simply conducted a bench trial. Jennings, who was not represented by counsel, participated in the bench trial without expressing any objection. After the trial, the magistrate judge rendered judgment rejecting Jennings' claim with

prejudice.

Rule 38 of the Federal Rules of Civil Procedure, entitled "Jury Trial of Right," in pertinent part, provides:

> (a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.
>
> (b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.
>
> *   *   *
>
> (d) Waiver. The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

The right to jury trial is too important and the usual procedure for its waiver is too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the

4

right in a doubtful situation. *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir. 1980), citing and quoting *Heyman v. Kline*, 456 F.2d 123 (2d Cir. 1972), *cert. denied*, 409 U.S. 847, 93 S.Ct. 53. "[T]he right of jury trial is fundamental, [and] courts [must] indulge every reasonable presumption against waiver." *Id.*, quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 812 (1937). "'Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Id.*, quoting *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301 (1935).

Applying these principles, we conclude that Jennings did not waive his right to a jury trial, and that the magistrate judge committed reversible constitutional error in conducting a bench trial in disregard of that right.

Jennings' signing of the consent form did not constitute a waiver of the jury trial of right. The language of the form does not unquestionably demonstrate a knowing and voluntary relinquishment. Nothing in the colloquy between Jennings and the magistrate indicates such a relinquishment either. Under similar circumstances, in *McDonald v. Stewart*, 132 F.2d 225, 229-30 (5th Cir. 1998), this court concluded that an inmate's signing of an identical consent form constituted "[m]ere consent to the jurisdiction of a magistrate judge [and] is not tantamount to an

5

express waiver of the right to a jury trial."

Jennings' timely demand for a jury effectively preserved the right for him, unless he without doubt knowingly and voluntarily waived or withdrew the demand thereafter. *See* FED.R.CIV.P. 38, *Kennedy*, 301 U.S. at 393, 57 S.Ct. At 812, *Dimick*, 293 U.S. at 486, 55 S.Ct. at 301, *Bowles*, 629 F.2d at 1095. When the trial court disregards the demand for a jury trial and conducts a bench trial instead, the mere participation without objection of a party unrepresented by counsel does not constitute an unquestionable knowing and voluntary waiver of the right to a jury trial. *McDonald*, 132 F.2d at 230, *McAfee*, 63 F.3d at 437-38, *Bowles*, 629 F.2d at 1094-95. Our obligation to "indulge every reasonable presumption against waiver," *Bowles*, 629 F.2d at 1095 and *McAfee*, 63 F.3d at 437, and to not find waiver in a "doubtful situation," *Id.*, requires this conclusion under the circumstances of the present case.

When a party is represented by counsel, or is himself an attorney, the circumstances may unquestionably indicate his knowing and voluntary waiver of the right to a jury trial. *E.g.*, *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112, 116 (5th Cir. 1987) (attorney party failed to appear at pretrial conference where all other parties waived jury trial and participated in non-jury trial without objection until after trial) and *Southland Reship, Inc., v. Flegel*, 534 F.2d 639, 644 (5th Cir. 1976) (Party represented by

6

attorney failed to object at consolidated non-jury hearing on preliminary and permanent injunctions). These decisions are inapposite to the present case in which an inmate, without the representation by counsel, timely and effectively demanded a jury trial but failed to object when the magistrate disregarded or overlooked his jury demand and conducted a bench trial instead. Moreover, as the Supreme court observed in *Dimick v. Schiedt*, 293 U.S. at 485, 55 S.Ct. at 300:

> [T]his court in a very special sense is charged with the duty of construing and upholding the Constitution; and, in the discharge of that important duty, it ever must be alert to see that a doubtful precedent be not extended by mere analogy to a different case if the result will be to weaken or subvert what it conceives to be a principle of the fundamental law of the land.

Although Mr. Jennings may have been "erroneously denied a jury trial, the error is harmless if the evidence could not have withstood a motion for a directed verdict at trial." *Lewis v. Thigpen*, 767 F.2d 252, 260 (5th Cir. 1985) (citing *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir. 1979)). Therefore, we must determine if Mr. Jennings' claim could have survived a motion for a directed verdict.

A motion for a directed verdict should be granted "[i]f the

7

facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Boeing v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc). We noted in *Boeing* that the "evidence must be considered in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Id*. at 375.

Mr. Jennings' complaint alleged that Mr. McCormick pulled him down a stairway, stomped his wrist, and beat him repeatedly on the head. We have listened to the audio tapes of the trial contained in the record. At trial, Mr. Jennings testified that prior to the incident sued upon, there was an altercation between Mr. Jennings and a female officer; shortly thereafter, Officer McCormick verbally threatened Mr. Jennings and led him to a secluded stairwell with another Officer; in the stairwell, Officer McCormick pulled him down the stairs, stomped on the chain of his hand cuffs, and beat him repeatedly on his head. Mr. Jennings' testimony was substantially corroborated by medical reports describing his injuries from the incident, which included a broken wrist.

Officer McCormick testified that Mr. Jennings attempted to break loose in the stairwell and that only necessary and non-excessive force was used to subdue him. The magistrate judge, in her memorandum opinion, "found the facts" as presented by the defendant and dismissed Mr. Jennings' case. Consequently, it is

8

evident that although Mr. Jennings' evidence did not persuade the magistrate at the trial on the merits, it was sufficient to withstand a motion for a directed verdict.

This Court has said that "[a] motion for directed verdict must be acted on without weighing credibility of witnesses . . . . This is equally true of assigning weight to testimony based on the interest of the witness." *Kridler v. Bituminous Casualty Corporation*, 409 F.2d 88, 91 (5th Cir. 1969). Thus, a directed verdict is not properly granted when the outcome, as in this case, is almost solely based on whether or not the witness' testimony was creditable. *Id*. Moreover, "a motion for a directed verdict is properly denied where the evidence presented allows reasonable men in a fair exercise of their judgment to draw different conclusions." *Dace v. ACF Industries, Inc.*, 722 F.2d 374, 375 (8th Cir. 1984) (citing *Giordano v. Lee*, 434 F.2d 1227, 1231 (8th Cir. 1970), *cert. denied*, 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971)).

For the reasons assigned, we conclude that the appellant, who was not represented by counsel, timely and effectively demanded a jury trial, and did not waive his right to a jury trial by signing the consent to a magistrate judge's jurisdiction or by participating in the bench trial without objection. The magistrate judge erred in disregarding or overlooking his jury trial demand and in not granting him a jury trial; therefore, the appellant was

9

wrongfully denied a trial by jury.  The judgment entered by the magistrate judge is vacated and the case is remanded for further proceedings consistent with this opinion.

VACATED and REMANDED.

10