IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40147
Summary Calendar
_____


LEROY ADAMS, JR.,

                                        Plaintiff-Appellant,

versus

JOHN LAYNE; CRAIG J. BARTON; THOMAS W. WARDELL;
ROBERT HERRERA; CHRISTINA MOORE; JAMES PATE;
GARY L. JOHNSON, Director, Texas Department of
Criminal Justice, Institutional Division;
JOHN F. MCAULIFFE; CHET A. THOMAS; BRENT J. GRIGSBY;
DENNIS BLEVINS; PAUL PACE; RICKY DAVIS; GARLAND PACK,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-1085
- - - - - - - - - -

September 27, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Leroy Adams, Jr., Texas prisoner # 397222, appeals the

district court's denial of his 42 U.S.C. § 1983 civil rights

complaint.  In his complaint, Adams alleged that corrections

officer John K. Layne, and other prison officials, violated his

constitutional right to be free from excessive force when Officer

Layne allegedly kicked a food slot onto his finger, resulting in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

an injury that required stitches.

On appeal, Adams argues that the magistrate judge impermissibly conducted a bench trial, pursuant to *Flowers v. Phelps*, 956 F.2d 488, *modified on other grounds*, 964 F.2d 400 (5th Cir. 1992), despite Adams' timely request for a jury trial.

Because Adams made a timely request for a jury trial, and because it does not appear that Adams waived his right to a jury trial, the magistrate judge erred when he disregarded or overlooked Adams' jury trial demand. *See* Fed. R. Civ. P. 38; *Jennings v. McCormick*, 154 F.3d 542, 544-46 (5th Cir. 1998); *McAfee v. Martin*, 63 F.3d 436, 437-38 (5th Cir. 1995). Moreover, the error was not harmless, because the magistrate judge weighed the credibility of witnesses to reach his decision. *See Jennings*, 154 F.3d at 546.

Accordingly, the district court's order is VACATED and the case REMANDED to the district court for further proceedings consistent with this opinion.

VACATE AND REMAND.