IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 99-40510
Summary Calendar

———————————

ALLEN TYRONE ROBINSON,

Plaintiff-Appellant,

versus

F E FIGUEROA, ET AL.,

Defendants,

F.E. FIGUERO, Warden at Powledge Unit; KIRK BENNETT,
Officer; R. WAGSTAFF, supervisor at Metal FAB Plant;
T. NEVITT, Employee at Powledge Unit; R. THOMPSON,
Warden Powledge Unit; T. WOMACK, Assistant Warden
Powledge Unit,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-230

———————————

May 1, 2000

Before GARWOOD, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

Allen Tyrone Robinson (#519307), a state prisoner, filed a

civil rights complaint in the district court alleging that prison

employees had violated his right against cruel and unusual

———————————

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

punishment by requiring him to do work which was inconsistent with his medical classification. After dismissing the claims against most of the defendants, a bench trial was held, pursuant to *Flowers v. Phelps*, 956 F.2d 488 (5th Cir.), *modified on other grounds*, 964 F.2d 400 (5th Cir. 1992), to consider the merits of Robinson's claims against defendants Womack and Wagstaff. After the bench trial, judgment was entered dismissing Robinson's complaint. Robinson has appealed.

Robinson contends that the magistrate judge abused his discretion in overruling his objection to the *Flowers* hearing and in refusing to permit him to try his claims before a jury. "[T]he right to a jury trial is a fundamental right." *McAfee v. martin*, 63 F.3d 436, 437-38 (5th Cir. 1995) (stating that courts "should indulge every reasonable presumption against waiver" of the right to a jury trial). A *Flowers* proceeding, such as the one conducted in Robinson's case, is acceptable unless the plaintiff has properly demanded a jury trial. *See Archie v. Christian*, 808 F.2d 1132, 1135 (5th Cir. 1987). Robinson made a proper jury demand and preserved his objection to the *Flowers* hearing. *See* Fed. R. Civ. P. 38(b); *see also Jennings v. McCormick*, 154 F.3d 542, 544-46 (5th Cir. 1998) (magistrate judge erred in holding bench trial because appellant had not waived or withdrawn his jury demand); *McAfee*, 63 F.3d at 437-38 (discussing presumption against waiver of right to jury trial in "doubtful

situations"). Accordingly, the magistrate judge erred in overruling Robinson's objection to the *Flowers* hearing.

Once it is determined that the magistrate judge erred by failing to conduct a jury trial, this Court must decide whether the error was harmless. *See McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). The error is harmless if the evidence could not have withstood a motion for a judgment as a matter of law ("JML"). *McDonald*, 132 F.3d at 230. A JML should be granted if the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that a reasonable finder of fact could not arrive at a contrary verdict. *Id.* A court may not weigh the credibility of witnesses in ruling on a motion for a JML. *See Jennings*, 154 F.3d at 546. Based upon a "preponderance of the credible testimony and evidence," the magistrate found that Robinson's knee condition was not very serious, that Robinson's job at a prison metal fabrication plant was consistent with his medical classification, and that Robinson had asked to be assigned to the paint booth.

The *Flowers* hearing transcript is not before us. On the basis of the magistrate judge's recitation of the evidence at that hearing, and considering the record as a whole, it is clear that there was no evidence that Womack was at any relevant time aware that Robinson's job assignment was inconsistent with his medical classification. Consequently, Womack would have been

3

entitled to a JML, and the error in denying Robinson a jury trial was hence harmless as regards Robinson's claims against Womack. However, we cannot on this record reach the same conclusion as to Robinson's claims against Wagstaff. It appears that in rejecting Robinson's claims against Wagstaff the magistrate judge necessarily failed to credit at least some of Robinson's testimony. *See Jennings*, 154 F.3d at 546. As we do not conclude that the error in denying Robinson's right to a jury trial of his claims against Wagstaff was harmless, the judgment must be vacated in part and remanded for further proceedings as to defendant Wagstaff only.

Robinson contends that the district court erred in partially granting the motion for summary judgment and in dismissing the claims against defendants Thompson and Figueroa. Robinson has failed to show that there is a genuine issue whether Thompson and Figueroa knew of facts from which an inference could be drawn that Robinson's job assignment presented a substantial risk of serious harm to Robinson's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Robinson argues that the district court should have permitted him to further amend his complaint to assert additional claims against Figueroa, who had by then answered and moved for summary judgment. Robinson has failed to show that the magistrate judge abused his discretion in refusing to permit

4

Robinson to amend the complaint. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Robinson contends that the magistrate judge should have compelled responses to his discovery requests. Robinson has failed to show that the magistrate judge abused his discretion in refusing to compel discovery responses. *See Turnage v. General Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992).

Robinson contends that the magistrate judge abused his discretion by refusing to appoint counsel to represent him at the *Flowers* hearing. Robinson has failed to show that the magistrate judge abused his discretion in holding that this case did not present exceptional circumstances requiring appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Robinson contends that the magistrate judge abused his discretion in refusing to issue a subpoena requiring th attendance of a physician, identified only as Dr. John Doe, at the *Flowers*, hearing. Robinson has not shown that the witness' testimony would have varied from the testimony of the prison physician who was called to testify by the defendants. No abuse of discretion has been shown.

Robinson contends that the magistrate judge abused his discretion in refusing to sanction the defendants for failing to comply with the scheduling order. Robinson argues that the magistrate judge's omission shows that the magistrate judge was

biased in favor of the defendants.  Adverse rulings alone do not call into question a judge's impartiality.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).  Robinson does not argue that he was prejudiced by the untimely filing of the witness list. This Court ordinarily defers to the district court in the management of its own docket.  *See Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 135 (5th Cir. 1987).

Robinson argues that the magistrate judge improperly limited the scope of his cross-examination.  Because nothing in the record so indicates and Robinson has not provided a transcript of the *Flowers* hearing, Robinson cannot show that the magistrate judge abused his discretion by limiting the scope of his cross-examination.

Robinson makes no complaint on appeal as to the pretrial dismissal, following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), of his claims against defendants Zond, Branch, Crews, Luker and Simmons, nor as to the summary judgment in favor of defendants Bennett and Nevitt. Consequently, the judgment in favor of said seven defendants, as well as the judgment in favor of defendants Figueroa, Thompson and Womack is in all things AFFIRMED.

The judgment is VACATED and the case is REMANDED as to defendant Wagstaff, only.  In all other respects, the judgment is AFFIRMED.