United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-40987
Summary Calendar

———————————

KENNETH W. LITTLETON,

Plaintiff-Appellant,

versus

STACY LEE PASSMORE, Correctional Officer, Michael Unit;
BILLY W. ARNOLD, Correctional Officer, Michael Unit;
VICKIE D. ALANIZ, Correctional Officer, Michael Unit;
GENE R. MARTIN, Captain, Michael Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-600
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Kenneth W. Littleton, Texas prisoner #609762, appeals the

magistrate judge's dismissal of his 42 U.S.C. § 1983 civil rights

complaint against prison Officers Stacy Lee Passmore, Billy W.

Arnold, Vickie D. Alaniz, and Captain Gene R. Martin.

The magistrate judge dismissed Littleton's claims against

Captain Martin as frivolous following a Spears v. McCotter, 766

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

F.2d 179 (5th Cir. 1985) hearing. Littleton has abandoned his claims against Captain Martin by failing to argue them in his brief. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, the magistrate judge's judgment dismissing Littleton's claims against Captain Martin is AFFIRMED.

Littleton contends that the magistrate judge erred in conducting a bench trial and entering a final judgment in this case because he and the remaining defendants requested a jury trial. In essence, Littleton contends that he was deprived of his right to a jury trial.

Although Littleton did not serve and file a written jury demand as required by FED. R. CIV. P. 38(b), he was entitled to rely on the defendants' timely and valid jury demands. See Southland Reship, Inc. v. Flegel, 534 F.2d 639, 643 (5th Cir. 1976). Further, Littleton was not represented by counsel, and his mere participation in the bench trial without objection did not constitute an unquestionable knowing and voluntary waiver of his fundamental right to a jury trial. See Jennings v. McCormick, 154 F.3d 542, 545-46 (5th Cir. 1998). Therefore, the magistrate judge erred when he disregarded or overlooked the jury demands and conducted a bench trial. See id. The error was not harmless because the magistrate judge weighed the credibility of witnesses to reach his decision and, thus, Littleton's claims could have survived a motion for directed verdict. See id. at 546. Accordingly, the magistrate judge's judgment dismissing

Littleton's claims against Officers Passmore, Arnold, and Alaniz is VACATED and the case REMANDED to the district court for further proceedings consistent with this opinion.

Littleton's motions for the appointment of appellate counsel and an audio specialist are DENIED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTIONS DENIED.