# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-41221
Summary Calendar

OTHA JAMES

Plaintiff-Appellant

v.

DR WILLIAM GONZALEZ; DR MAXWELL; DR KEARNEY; DR HILTON

Defendant-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-418

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Otha James brought this *pro se* and *in forma pauperis* 42 U.S.C. § 1983 claim against Dr. William Gonzalez, Dr. Maxwell, Dr. Kearney, and Dr. Hilton (Appellees), all of whom are employed by the University of Texas Medical Branch ("UTMB") hospital in Galveston, alleging that Appellees were negligent and committed malpractice in connection with surgical procedures on his hand. He asks for compensatory and punitive damages from Appellees in an amount

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

totaling more than one million dollars. The district court dismissed Appellant's civil rights complaint with prejudice and dismissed Appellant's state law claims of negligence without prejudice.

There are four issues on appeal: (I) whether the district court abused its discretion by denying Appellant's motion for appointment of counsel; (II) whether the district court abused its discretion by denying Appellant's motion for appointment of a medical expert; (III) whether the district court erred by finding that Appellees were entitled to qualified immunity for Appellant's § 1983 claims; and (IV) whether the district court abused its discretion by not retaining jurisdiction over Appellant's pendent state law claims.

## I. Appointment of Counsel

Appellant first appeals the district court's denial of his motion to appoint counsel. The denial of a motion to appoint counsel for an indigent plaintiff asserting a § 1983 claim is reviewed for abuse of discretion. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). It is well-settled that a civil rights complainant has no right to the automatic appointment of counsel unless the case represents exceptional circumstances. *Branch v. Cole*, 686 F.2d 264, 265 (5th Cir. 1982). Although we have said that no comprehensive set of factors can be fully identified, in making this determination we consider:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (internal citations omitted). Appellant has not demonstrated that any of these exceptional circumstances apply. He asserts that he is an indigent prisoner, that the case involves conflicting testimony because Appellees deny his allegations, and that the case is complex because it involves medical doctors and their supervisors. These are common elements in civil rights cases and do not in this case rise to

2

the level of exceptional circumstances; the district court did not err in declining to appoint counsel.

## II. Appointment of Medical Expert

Appellant next appeals the district court's denial of his motion to appoint an expert witness on his behalf. In *Pedraza v. Jones*, we confronted an almost identical case in which a plaintiff proceeding *in forma pauperis* requested that a medical expert be appointed to testify on his behalf; we held that the "district court has no authority to appoint an expert witness under [28 U.S.C. § 1915, the *in forma pauperis* statute]." 71 F.3d 194, 196 (5th Cir 1995). The district court thus did not err by refusing to do so here.

## III. Immunity for 42 U.S.C. § 1983 claim

The standard of review for grant of summary judgment under Rule 56 is *de novo*. *FDIC v. Ernst & Young*, 967 F.2d 166, 169 (5th Cir. 1992). Appellant brought a medical deliberate indifference claim under 42 U.S.C. § 1983, seeking damages from Appellees in both their official and individual capacities. The district court found that Appellees were immune from liability in all respects; Appellant challenges that determination.

Appellees first argue that they are immune from liability in their official capacities under the Eleventh Amendment, which bars an action in federal court by a citizen of a state against his or her own state, including a state agency, unless such immunity is expressly waived. *Martinez v. Texas Dep't of Criminal Justice,* 300 F.3d 567, 573 (5th Cir. 2002). It is undisputed that Appellant sued Appellees for actions taken during their course of employment at UTMB, a state agency. Thus, the district court correctly determined that Appellees are entitled to immunity under the Eleventh Amendment for the claim against them in their official capacities.

Similarly, the district court did not err when it determined that Appellees were entitled to qualified immunity for claims brought against them in their individual capacities. "The doctrine of qualified immunity serves to shield a

3

government official from civil liability for damages based upon the performance of discretionary functions." *Cozzo v. Tangipahoa Parish Council - President Gov't,* 279 F.3d 273, 284 (5th Cir. 2002) (internal citations omitted). To overcome the affirmative defense of qualified immunity, "a plaintiff must satisfy a two-prong test. First, he must claim that the defendants committed a constitutional violation under current law. Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Club Retro L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (internal quotation marks and citations omitted). To show the constitutional injury alleged here, Appellant must show, at a minimum, that Appellees exhibited deliberate indifference to his serious medical needs. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The medical records indicate that Appellant received extensive care for his right hand, including two surgeries, administration of pain medication, and several physical therapy visits. The district court correctly found that Appellant has therefore failed to establish a violation of his constitutional rights and has not overcome Appellees' qualified immunity defense.

## IV. Pendent state law claims

A district court's determination of whether to retain jurisdiction over state law claims is reviewed for abuse of discretion. *Priester v. Londes* County, 354 F.3d 414, 425 (5th Cir. 2004). Appellant argues that the district court erred by not retaining jurisdiction over his pendent state law claims for malpractice and negligence. Generally, when all federal claims have been dismissed, a district court should dismiss any pendent state law claims without prejudice so that the Plaintiff may re-file his claims in the appropriate state court. *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). Here, the complaint has failed to state a federal claim, and the district court did not abuse its discretion in dismissing Appellant's state law claims without prejudice.

For the foregoing reasons, the district court's judgment is AFFIRMED.