REVISED OCTOBER 5, 2011

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2011

Lyle W. Cayce
Clerk

No. 10-40606
Summary Calendar

RUSSELL BLAINE KISER, JR.,

Plaintiff-Appellant

v.

MARK DEARING; WILLIAM SEXTON; JOHNATHAN S. HYATT; HEATH STRANGE; ROBERT L. NASH; CODY B. BARBER; WILLIAM D. JOCK; REGINA OLIVER; MIKKEL J. ROBBINS; CHARLES CHRISTIAN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-272

Before KING, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Russell Blaine Kiser, Jr., Texas prisoner # 884697, appeals the adverse judgment against him following a bench trial in his civil rights action pursuant to 42 U.S.C. § 1983. Kiser contends that the magistrate judge erred by (1) denying his right to a jury trial, (2) denying appointment of counsel, (3) denying his request to call certain witnesses, (4) denying certain discovery

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior to trial, and (5) applying the wrong legal standard to his claims for retaliation. For the following reasons, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

We address first Kiser's contention that the magistrate judge improperly denied him a jury trial. The defendants requested a jury when they answered Kiser's complaint but later withdrew their request. The magistrate judge then set a bench trial, and Kiser filed his own jury demand. The magistrate judge concluded that Kiser's demand was untimely pursuant to Rule 38 of Federal Rules of Civil Procedure because it was not filed within 10 days of the defendants' withdrawal. Kiser later made a second jury demand, which the magistrate judge again denied as untimely.

The Seventh Amendment guarantees a fundamental right to a jury trial in civil cases. U.S. CONST. AMEND. VII; Jacob v. City of New York, 315 U.S. 752, 752-53 (1942). The right must be "jealously guarded," Jacob, 315 U.S. at 753, and courts must indulge "every reasonable presumption against waiver," Jennings v. McCormick, 154 F.3d 542, 545 (5th Cir. 1998) (internal quotation marks and citation omitted). Although Rule 38(b) sets a time limit for filing a demand, parties are entitled to rely on the demand of an adverse party. Johnson v. Penrod Drilling Co., 469 F.2d 897, 903 (5th Cir. 1972). Indeed, Rule 38 expressly provides that a jury demand may be withdrawn only with the parties' consent. FED. R. CIV. P. 38(d). Further, Rule 39 states that when a jury trial has been demanded, the trial must be by jury unless the parties stipulate to a nonjury trial, or the court determines that issues are not triable by a jury. FED. R. CIV. P. 39(a).

Kiser was entitled to rely on the defendants' demand, and he neither consented to the defendants' withdrawal of their jury demand nor stipulated to a nonjury trial. In addition, Kiser, who is unrepresented, did not unquestionably waive his right to a jury by participating in a nonjury trial. See Jennings, 154 F.3d at 545. Further, on the facts of this case, his consent to proceed before the

magistrate judge did not constitute a waiver. See id. Thus, the magistrate judge erred by setting a bench trial. See Johnson, 469 F.2d at 903.

In addition, we cannot say that the error was harmless, a question that turns on whether the case could have withstood a motion for directed verdict, see id. at 546, now called a motion for judgment as a matter of law, Stroik v. Ponseti, 35 F.3d 155, 157 and n.2 (5th Cir. 1994). Although the transcript of the trial is not available, the magistrate judge's memorandum opinion makes clear that she weighed evidence and made factual determinations regarding the events surrounding Kiser's claims and whether the use of force was excessive in light of the factors set forth in Hudson v. McMillian, 962 F.2d 522, 523 (5th Cir. 1992). This indicates that the matter could have survived a motion for judgment as a matter of law. See Jennings, 154 F.3d at 546. Accordingly, we vacate the judgment and remand for a jury trial. To the extent that Kiser's remaining arguments are not rendered moot by the foregoing, we address them in the interest of judicial efficiency and to provide guidance on remand.

Kiser contends that the magistrate judge abused her discretion by denying his request for appointment of counsel, arguing that he lacks legal training, that he cannot obtain certain evidence because he is in prison, that he cannot interview witnesses, that he has extremely poor vision, and that a lawyer would be better able to understand and try his case. A court is not required to appoint counsel for an indigent plaintiff asserting a claim under § 1983 absent exceptional circumstances. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). Courts consider several factors in this determination, Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), and we will overturn a decision denying appointment of counsel only if there is a clear abuse of discretion, Cupit, 835 F.2d at 86. Kiser has demonstrated an ability to present coherent factual and legal arguments; he called numerous witnesses at trial; the facts surrounding the single incident and the subsequent disciplinary hearing are relatively straightforward; and the legal contours of excessive force claims are well-

established and not particularly complex. We discern no clear abuse of discretion.

We turn next to Kiser's contention that he was denied the right to call certain witnesses at trial. The magistrate judge denied Kiser's request because he submitted his list of witnesses beyond the scheduled deadline just before trial. Because we remand for a new trial, this issue is moot. See Wooden v. Mo. Pac. R.R. Co., 862 F.2d 560, 564 (5th Cir. 1989); see also Elliott v. La. Power & Light Co., 671 F.2d 865, 869 n.5 (5th Cir. 1982) (same).

In his next point of error, Kiser argues that he was improperly denied certain discovery. The magistrate judge denied this request because Kiser filed it on the eve of trial. As with the claim regarding witnesses, this issue is moot. See Elliott, 671 F.2d at 869 n.5.

Finally, Kiser contends that the magistrate judge applied the wrong legal standard to his claim that prison officials fabricated a disciplinary proceeding as a retaliatory act and destroyed and falsified evidence, which the magistrate judge dismissed prior to trial. Kiser's amended complaint did not allege that the defendants retaliated against him for the exercise of a specific constitutional right. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999). Instead, it focused on his assertion that the disciplinary proceeding and destruction of evidence were part of a coverup, impeded his ability to pursue a disciplinary appeal and his civil action, and impeded a criminal investigation. Thus, he abandoned any claim of retaliation. See Vela v. City of Houston, 276 F.3d 659, 679 (5th Cir. 2001); see also King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (holding that an amended complaint supersedes an original complaint unless it adopts or incorporates the original complaint by reference).

As for his separate claims regarding falsification and destruction of evidence in the context of the disciplinary hearing, the magistrate judge determined that the claims were conclusional; that the only evidence allegedly destroyed was a tape of Kiser's own statement, which he could reproduce in an

affidavit; and that Kiser had no constitutional right to have another person criminally prosecuted. Kiser does not challenge these determinations and has abandoned this issue on appeal. See Yohey v. Collins, 985 F.2d 22, 224-25 (5th Cir. 1993).

For the foregoing reasons, the judgment is VACATED, and this matter is REMANDED for further proceedings consistent with this opinion.