# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30569
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2018

Lyle W. Cayce
Clerk

BOBBY CHARLES BYRD,

Plaintiff - Appellant

v.

W. W. LINDSEY, individually and in his official capacity; R. GORDON, individually and in his official capacity; ROY SHORT, individually and in his official capacity, also known as Officer Short,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-1956

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Bobby Byrd sued the City of Bossier, the City of Shreveport, and four law enforcement officers—Officer Roy Short, Officer Chris Yarborough, Sergeant W. W. Lindsey, and Detective Robert Gordon—for the use of excessive force in the course of arresting Byrd on suspicion of burglary, seeking relief under 42 U.S.C. § 1983 and the Louisiana

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30569

Constitution. The City of Bossier, along with Officer Short of the Bossier Police Department, filed a motion for summary judgment. The City of Shreveport, along with Officer Yarborough, Sergeant Lindsey, and Detective Gordon, also filed a motion for summary judgment. The district court granted both motions and dismissed all of Byrd's claims with prejudice. On appeal, we affirmed the judgment for Officer Yarborough, the City of Bossier, and the City of Shreveport. *Byrd v. City of Bossier*, 624 F. App'x 899, 905 (5th Cir. 2015) (per curiam). We reversed the judgment of the district court as to Officer Short, Detective Gordon, and Sergeant Lindsey, concluding that Byrd had raised a genuine issue of material fact with respect to the conduct of these officers. *Id.* On remand, the jury returned a verdict in favor of these officers, and the district court dismissed Byrd's claims against them with prejudice. We AFFIRM.

Byrd was represented by counsel from the beginning of this suit in July 2012 until late October 2015, a few weeks after our mandate issued in *Byrd*, 624 F. App'x 899. After his counsel withdrew, Byrd proceeded pro se. In January 2016, he filed a motion to appoint counsel. He argued that exceptional circumstances warranted the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and that the Americans with Disabilities Act ("ADA") and the Rehabilitation Act required the appointment because he had several mental illnesses. The district court denied the motion, finding that the case did not present exceptional circumstances and that the ADA did not obligate the court to appoint counsel. In July 2016, he filed a motion for reconsideration of the decision not to appoint counsel, which the district court denied. In the pretrial conference on April 26, 2017, Byrd participated via video conference. He requested that an inmate counsel substitute, who was a trained paralegal, be allowed to assist Byrd during trial. The district court stated that it would allow the inmate counsel substitute to assist Byrd during trial but not to act as an

attorney and address the court or the jury. After a four-day trial, the jury found in favor of Officer Short, Detective Gordon, and Sergeant Lindsey. The district court entered a final judgment dismissing all of Byrd's claims against these officers. Byrd filed a motion for new trial and for appointment of counsel, arguing that the court's failure to appoint counsel warranted a new trial with appointed counsel. The district court denied this motion. Byrd appealed.

We review the denial of a motion for a new trial for an abuse of discretion. *See Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Id.* (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)). We also review the denial of a motion for appointment of counsel for an abuse of discretion. *See Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015).

"A § 1983 plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Id.* (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). Under 28 U.S.C. § 1915(e)(1), a trial court is permitted to appoint counsel in *in forma pauperis* proceedings. *See id.* at 801. But "[t]he trial court is not required to appoint counsel for an indigent plaintiff asserting a claim under [§ 1983] unless the case presents exceptional circumstances." *Ulmer*, 691 F.2d at 212 (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) (per curiam)). We have articulated factors that the trial court should consider in deciding whether such circumstances exist:

> 1. the type and complexity of the case; 2. the petitioner's ability to present and investigate his case; 3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and 4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by shortening the trial and assisting in just determination.

*Naranjo*, 809 F.3d at 799 (quoting *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992)). The court "may also consider the extent of [the] plaintiff's attempts to secure private counsel independently." *Id.* (citing *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989)).

Byrd argues that his case presents exceptional circumstances. He states that the district court did in fact find that there were exceptional circumstances because it sought an attorney for him. He asserts that his mental illness creates circumstances that are exceptional. He also cites *Naranjo*, contending that the district court failed to recognize its inherent ability to appoint an attorney for him. Byrd's argument fails. He is mistaken that the district court found exceptional circumstances existed. The district court stated in denying his first motion to appoint counsel that "[t]his case does not present . . . exceptional circumstances" and that despite Byrd "not [being] entitled to counsel," the court tried (unsuccessfully) to secure representation "through local pro bono programs." The district court also explained in denying Byrd's motion for reconsideration of the decision not to appoint counsel that he "failed to persuade" the court that his "condition [gave] rise to exceptional circumstances." Further, when denying his motion for a new trial, the district court acknowledged that it had previously concluded that "Byrd's case does not present exceptional circumstances to warrant appointment of counsel."

After reviewing the record, we hold that the district court did not abuse its discretion in denying Byrd's motions to appoint counsel. Byrd's claim was "neither unusual nor especially complex." *See Garner v. United States*, 45 F. App'x 326, 2002 WL 1899597, at *8 (5th Cir. 2002) (per curiam); *see also Kiser v. Dearing*, 442 F. App'x 132, 135 (5th Cir. 2011) (per curiam) ("[T]he legal contours of excessive force claims are well-established and not particularly complex."). "[C]onflicting testimony" is a "common element[] in civil rights cases" and does not "in this case rise to the level of exceptional

4

circumstances." *See James v. Gonzalez*, 348 F. App'x 957, 958 (5th Cir. 2009) (per curiam). Despite his alleged mental illness, Byrd "demonstrated [an] ability to investigate and present the case." *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001). As the district court found, "Byrd did, in fact, present and cross-examine witnesses, introduce evidence, lodge objections, and conduct opening statements and closing arguments."

We held in *Naranjo* that federal courts have inherent authority to order attorneys to represent litigants without pay. *See* 809 F.3d at 802. But we concluded that the district court abused its discretion by not using this authority because it had found that the case had presented exceptional circumstances. *See id.* at 801–02. Here, the district court did not find that such circumstances existed. Thus, it did not abuse its discretion by declining to appoint counsel.

Finally, Byrd argues that the district court was obligated under the ADA and the Rehabilitation Act to appoint an attorney to represent him because he suffered from mental illness. He has not shown that the district court has a duty to appoint counsel as a reasonable accommodation for his alleged disability pursuant to these two statutes. Thus, his contention is unavailing.

For the foregoing reasons, we AFFIRM the judgment of the district court.