# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2018

Lyle W. Cayce
Clerk

No. 18-40012
Summary Calendar

DONALD WAYNE INGLE, JR.,

Plaintiff-Appellant

v.

PAM PACE; BOBBY BURNS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-1305

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Donald W. Ingle, Jr., Texas prisoner # 769010, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint against Pam Pace and Bobby Burns, both of whom are University of Texas Medical Branch employees. Ingle's claim stems from his allegation that he was improperly assessed a medical co-pay for his December 2015 visit to the prison medical unit. The district court dismissed Ingle's complaint after determining that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40012

defendants were entitled to (1) summary judgment because Ingle's claims were frivolous under the *Parratt/Hudson*[1] doctrine; (2) qualified immunity; and (3) Eleventh Amendment immunity to the extent that Ingle was suing them in their official capacities.

On appeal, Ingle argues: (1) the district court erred by denying his motion for appointment of counsel; (2) the defendants committed fraud or misrepresented facts regarding his exhaustion of administrative remedies; (3) the defendants were not entitled to qualified immunity; and (4) the defendants were not entitled to Eleventh Amendment immunity. Because this case did not involve exceptional circumstances, it was not an abuse of discretion to deny Ingle's motion for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Moreover, our examination of the record does not confirm that the defendants committed fraud or misrepresented facts. In any event, the district court denied the defendants' motion for summary judgment as to the exhaustion issue.

Through his failure to brief the issue, Ingle has waived any challenge to the district court's dismissal of his complaint on the ground that his claims were frivolous because they were barred under the *Parratt/Hudson* doctrine. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He thus cannot show that he meets the first prong of the qualified-immunity analysis. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The district court therefore correctly determined that the defendants were protected by qualified immunity.

---

[1] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).

No. 18-40012

The district court also correctly held that Ingle's claims were barred by Eleventh Amendment immunity to the extent that he was suing the defendants in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *James v. Gonzalez*, 348 F. App'x 957, 959 (5th Cir. 2009). Ingle's argument to the contrary is not supported by the relevant law.

According, the district court's judgment is AFFIRMED.